Michael DESANTIS, As Next Friend
of John B. DeSantis, Sr.,
Plaintiff–Appellant,

v.

COMPUTER CREDIT, INC.,
Defendant–Appellee.

No. 00–9574.

United States Court of Appeals,
Second Circuit.

Argued May 22, 2001.

Decided Oct. 30, 2001.

Lawrence Katz, Law Office of Lawrence Katz, Uniondale, NY (Adam J. Fishbein, Law Office of Adam J. Fishbein, Uniondale, NY, on the brief), for plaintiff-appellant.

Robert L. Dougherty, Garden City, NY, for the defendant-appellee.

Before LEVAL and PARKER, Circuit Judges, and CEDARBAUM, District Judge.[*]

LEVAL, Circuit Judge.

Plaintiff appeals from the judgment of the United States District Court for the Eastern District of New York (Jacob Mishler, Senior District Judge), dismissing claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

[*] The Honorable Miriam Goldman Cedarbaum, United States District Judge for the Southern

("the Act"), for failure to state a claim on which relief can be granted. *See* Fed. R.Civ.P. 12(b)(6). We vacate and remand.

## BACKGROUND

Plaintiff Michael D. DeSantis brought this suit on behalf of John B. DeSantis, Sr., against Computer Credit, Inc., a debt collection agency. At some point prior to April 27, 2000, John B. DeSantis, Sr., apparently incurred a debt of $319.50 to Dr. Jeffrey A. Stahl. Dr. Stahl assigned the debt for collection purposes to Computer Credit, which is a "debt collector" within the meaning of the Act. *See* 15 U.S.C. § 1692a(6).

On April 27, 2000, Computer Credit sent a letter to John DeSantis. That letter is now the subject of this action. The letter reads:

> This notice will serve to inform you that your overdue balance with Dr. Jeffrey A. Stahl has been referred to Computer Credit, Inc., a debt collector. *[T]he doctor insists on payment or a valid reason for your failure to make payment.* The law prohibits us from collecting any amount greater than the obligation stated above. Unless you notify us to the contrary, we will assume the amount due is correct. This communication is sent to you in an attempt to collect this debt. Any information obtained will be used for that purpose. *In the absence of a valid reason for your failure to make payment, pay the above debt or contact the doctor to settle this matter.* Payment can be sent directly to the doctor. (emphases added)

In addition, the bottom of the front page of the letter states: "PLEASE SEE IMPORTANT NOTICE ON BACK." The

District of New York, sitting by designation.

parties did not provide the district court with a copy of the reverse side of the April 27 letter. We will assume, as plaintiff does not suggest otherwise, that the reverse side of the letter contains standard form language setting forth a debt validation notice satisfying the terms of the Act.

The complaint alleges that the letter violated the terms of the Act, notwithstanding the debt validation notice on the reverse side of the letter, by contradicting or confusing the letter's statutorily required message. The complaint focuses on the letter's second and penultimate sentences (those reproduced in italics above).

Defendant moved to dismiss the action for failure to state a claim on which relief could be granted. The district court granted defendant's motion, finding that the defendant's letter did not contradict or overshadow the message required by the Act. This appeal followed.

## DISCUSSION

■ The Fair Debt Collection Practices Act establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection, and requires that such debt collectors advise the consumers whose debts they seek to collect of specified rights. In relevant part, the Act provides that, within five days of a debt collector's initial communication with the consumer, the debt collector must

> send the consumer a written notice containing ... a statement that if the consumer notifies the debt collector in writing within [thirty days after receipt of the notice] that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or

judgment will be mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(a)(4). The Act further provides that

> [i]f the consumer notifies the debt collector in writing within the thirty day period ... that the debt, or any portion thereof, is disputed ... the debt collector shall cease collection ... until the debt collector obtains verification of the debt ... and a copy of such verification ... is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b).

■ A debt collector violates the Act if it fails to convey the information required by the Act. Even if a debt collector conveys the required information, the collector nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty. Thus, a debt collector violates the Act if its communication is "reasonably susceptible to an inaccurate reading" of the required message. *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir.1996); *see also Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir.1998).

· ■ In determining whether a debt collector violates the Act, we apply "an objective standard, measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector." *Russell*, 74 F.3d at 34. The critical question is therefore whether the notice fails to convey the required information "clearly and effectively and thereby makes the least sophisticated consumer uncertain" as to the meaning of the message. *Savino*, 164 F.3d at 85; *see also Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir.1997) (Posner, C.J.) ("[T]he unsophisticated consumer is to be protected against confusion whatever form it takes.").

In our view, the complaint in this case states a claim upon which relief can be granted. Computer Credit's letter to plaintiff states that the creditor "insists on" a valid reason for failure to make payment. The letter further instructs the plaintiff that "in the absence of" such a valid reason, he should either pay the debt or contact the creditor to settle. The Act, however, gives the consumer the right to notify the debt collector that the debt "is disputed," in which event the collector must cease all efforts to collect until it has verified the debt and mailed verification to the consumer. The consumer's right to take the position, at least initially, that the debt is disputed does not depend on whether the consumer has a valid reason not to pay. The consumer, for example, may not recognize the name of the creditor, may not know whether she incurred the debt, may have a question whether the debt (or part of it) has been paid, or may be unsure of the amount. Assuming the debt is in fact owed, these would not be "valid reasons" not to pay it. Nonetheless, regardless of the absence of a valid reason for nonpayment, the collector is obligated by the Act to cease collection, pending verification, if it receives the consumer's written notification of "dispute," and the Act requires the collector to notify the consumer of the collector's obligation to obtain verification upon receipt of such notice.

Computer Credit's letter to plaintiff conveyed a message that arguably interfered with a correct understanding of the message required by the Act. A recipient, especially if unsophisticated, might well have understood that the collector's obligation to obtain verification would arise only if the consumer presented a valid reason for nonpayment. That would be inconsistent with the required message.

The question before us is whether the complaint states an actionable claim. We rule that Computer Credit's dunning letter had sufficient capacity to confuse an unsophisticated consumer on a message required by the Act that the district court erred in ruling as a matter of law that the letter did not violate the Act. We do not reach the further question whether the letter violated the Act as a matter of law.

## CONCLUSION

The judgment of the district court is vacated and the case is remanded for further proceedings.