**Evgueniy FEDOTOV, on behalf of himself and all others similarly situated, Plaintiff,**

v.

**PETER T. ROACH AND ASSOCIATES, P.C., Defendant.**

**No. 03 Civ. 8823(CSH).**

United States District Court, S.D. New York.

Feb. 3, 2005.

Abraham Kleinman, Katz & Kleinman PLLC, Uniondale, NY, for plaintiff.

## MEMORANDUM OPINION AND ORDER

HAIGHT, Senior District Judge.

Plaintiff Evgueniy Fedotov brings this purported class action against defendant Peter T. Roach and Associates ("Roach"), a law firm, for alleged violations of the Fair Debt Collection Practices Act ("FDCPA" or "Act"), 15 U.S.C. §§ 1692 *et seq.*, Pursuant to Rule 56 of the Federal Rules of Civil Procedure, defendant moves for summary judgment, claiming that plaintiff does not have standing to pursue this lawsuit, and, pursuant to Rule 23(a)(4), for an order denying class certification on the ground that plaintiff is not a proper class representative. For the reasons discussed below, defendant's motion for summary judgment is denied. I do not reach the question of class certification, but rather direct the plaintiff to submit papers in

opposition to defendant's motion for denial of class certification.

## I. Background

On October 28, 2003, defendant law firm sent a collection letter to plaintiff Fedotov demanding payment of $2,506.98, allegedly on behalf of Citibank (South Dakota) N.A. ("Citibank").[1] It is the contents of that letter, discussed in detail below, which form the basis of this lawsuit.

On November 7, 2003, Fedotov filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. Schedule B of that petition is entitled "Personal Property" and enumerates "Potential Claim under Fair Debt Collection Practices Act, Maximum Statutory Damages of $1,000" as one of Fedotov's assets. The petition also lists Roach—acting as a putative collection agent for Citibank—as a "Creditor Holding Unsecured Nonpriority Claims." Thereafter, in a notice dated November 11, 2003 from the Bankruptcy Court, Roach was informed of Fedotov's Chapter 7 peti-

tion and of the creditor's meeting scheduled for December 15, 2003. Roach avers, and Fedotov does not dispute, that after receiving this notice, Roach took no further action with regard to the collection of this debt. On February 20, 2004, the Bankruptcy Court issued an Order of Discharge and Order of Final Decree, which fully administered the estate and released Fedotov from all dischargeable debts. The bankruptcy case was closed on February 23, 2004.

On November 7, 2003—the same day he filed his bankruptcy petition—plaintiff filed this purported class action, alleging that two statements in Roach's October 28, 2003 collection letter violate provisions of the FDCPA, including 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(a)(3). First, the collection letter states "[p]lease be advised that this office has been retained by the above referenced client in their claim against you." Plaintiff claims that this statement is untrue and thus violates 15 U.S.C. §§ 1692e and 1692(e)(10) which prohibit "false, deceptive, or misleading

---

1. The text of this letter, written on the letterhead of defendant Roach and addressed to plaintiff Fedotov, reads as follows:

 Dear EVGUENIY FEDOTOV:
 Please be advised that this office has been retained by the above referenced client in their claim against you. Be further advised that this office has been instructed to initiate any and all necessary action in the enforcement of this claim, but before doing so, we are giving you this opportunity to clear this indebtedness without the necessity of filing suit. The consequences of your delinquency are viewed as serious.
 If, however, we do not hear from you we may have no alternative but to commence legal action against you/or any other liable party. Unless you, the recipient of this notice, within thirty (30) days after receipt dispute the validity of this debt or any portion thereof, the debt will be assumed to be valid.
 If you notify this office in writing within the thirty (30) day period that the debt, or any

portion thereof is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you.
 Upon your written request within the thirty (30) day period, this office will provide you with the name and address of the original creditor if different from the current creditor.
 Please be further advised that unless this office is notified in writing as outlined above we reserve the right to continue collection efforts and/or initiate possible legal action.
 This letter is an attempt to collect a debt and any information obtained will be used for that purpose.
 Very truly yours,
 PETER T. ROACH AND ASSOCIATES, P.C.
 /s/ Peter T. Roach
 By: Peter T. Roach
 THIS COMMUNICATION IS FROM A DEBT COLLECTOR

representation[s] [used] to collect or attempt to collect any debt or to obtain information concerning a consumer." Second, the letter states, "[u]nless you, the recipient of this notice, within thirty (30) days after receipt dispute the validity of this debt or any portion thereof, the debt will be assumed to be valid." Plaintiff claims that this statement violates 15 U.S.C. § 1692g(a)(3) which requires that the debtor be notified that only the debt collector may presume the validity of the debt. Plaintiff requests class certification, injunctive relief, statutory damages, costs, and attorneys' fees. The purported "nationwide" class consists of "all consumers who have received debt collection notices and/or letters from the defendant which contain one or more of the violations of the FDCPA specified in this complaint, from the period beginning one year prior to the filing of plaintiff's complaint and thereafter." Compl. ¶ 5.

Defendant filed an Answer on January 6, 2004 in which he denied that the statements contained in the October 28, 2003 collection letter violate the FDCPA. In addition, the Answer sets forth four affirmative defenses: (i) the complaint fails to state a claim upon which relief can be granted; (ii) any alleged violation resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error;[2] (iii) this Court lacks personal jurisdiction over the defendant; and (iv) insufficiency of process. On April 23, 2004, defendant filed a motion in this Court seeking summary judgment and an order denying plaintiff class certification.

## II. Discussion

The motion for summary judgment is premised on defendant's assertion that, as a consequence of plaintiff's Chapter 7 Bankruptcy petition, he no longer has standing to bring this action. According to defendant, the implications of plaintiff's bankruptcy petition are twofold. First, through plaintiff's Chapter 7 filing, the asset of this cause of action passed to the Bankruptcy Trustee, leaving plaintiff without standing to pursue his claim. And second, because plaintiff's debts were fully discharged in bankruptcy, he no longer has any collectible debt, without which he also has no standing to pursue his claim under the FDCPA. Finally, defendant moves this Court, presumably in the alternative,[3] to deny plaintiff class certification based on his alleged lack of standing.

### A. Standard of Review on Motion for Summary Judgment Pursuant to Rule 56

Rule 56 of the Federal Rules of Civil Procedure directs that a court shall grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish her right to judgment as a

---

**2.** "A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c)

**3.** If I granted defendant's motion for summary judgment, his motion for denial of class certification would be moot.

matter of law." *Rodriguez v. City of New York*, 72 F.3d 1051, 1060–61 (2d Cir.1995). In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). If there is "any evidence in the record from any source from which a reasonable inference could be drawn in favor of the non-moving party," then summary judgment should be denied. *Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 37 (2d. Cir.1994).

### B. Abandonment of this Cause of Action by the Bankruptcy Trustee

■ Upon commencement of a bankruptcy action, the Bankruptcy Code requires that "[t]he debtor shall—(1) file ... a schedule of assets and liabilities ... and a statement of the debtor's financial affairs." 11 U.S.C. § 521(1). The assets scheduled under § 521(1) comprise a bankruptcy estate, and all of the debtor's non-exempt assets become assets of that estate. 11 U.S.C. § 541(a). The bankruptcy estate encompasses "all legal or equitable interests of the debtor in property as of the commencement of the case," *id.* at § 541(a)(1); *Seward v. Devine*, 888 F.2d 957, 963 (2d Cir.1989), including all pre-petition causes of action belonging to the debtor. *Kunica v. St. Jean Financial, Inc.*, 233 B.R. 46, 52 (S.D.N.Y.1999); *see also Seward*, 888 F.2d at 963 ("The bankruptcy estate ... includ[es] any causes of action possessed by the debtor."); *Rosenshein v. Kleban*, 918 F.Supp. 98 (S.D.N.Y. 1996). Hence, by operation of § 541 of the Bankruptcy Code, any causes of action belonging to Fedotov, including this one, became the property of the bankruptcy estate when he sought protection under the bankruptcy laws.

■ However, a long-standing principle of bankruptcy law allows a Trustee to abandon property, including causes of action, if such property is burdensome or of inconsequential value to the bankruptcy estate. *See, e.g., Brown v. O'Keefe*, 300 U.S. 598, 57 S.Ct. 543, 81 L.Ed. 827 (1937); *Meyer v. Fleming*, 327 U.S. 161, 66 S.Ct. 382, 90 L.Ed. 595 (1946); *Vreugdenhill v. Navistar Intern. Transp. Corp.*, 950 F.2d 524 (8th Cir.1991). This principle was articulated in the Bankruptcy Code in § 554(c), which provides that "any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor." 11 U.S.C. § 554(c); *see also Ball v. Nationscredit Financial Services Corp.*, 207 B.R. 869, 872 (N.D.Ill. 1997) ("If a cause of action that preexisted the filing of the bankruptcy petition is ... abandoned by the trustee, then it is property of the debtor and the debtor will have standing to pursue the cause of action in his or her own name.") (citing *In re Bronner*, 135 B.R. 645, 647 (9th Cir.BAP1992)). Therefore, by operation of law, property, including a cause of action, properly scheduled pursuant to § 521(1) and not administered by the Trustee, reverts to the debtor's possession once the bankruptcy estate is fully administered and the bankruptcy case is closed.

The parties agree that plaintiff scheduled this cause of action in his Chapter 7 bankruptcy petition. Schedule B of plaintiff's petition is entitled "Personal Property" and includes descriptions of multiple types of property. Item 20 of Schedule B instructs the debtor to list "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights of setoff claims." Under that item, plaintiff lists "Potential Claim under Debt Collection Practices Act, Maximum Statutory Damages of $1,000." The form is marked as signed by plaintiff

Fedotov and his wife Natalia Fedotova and dated November 3, 2003.

Moreover, as both parties agree, and the pleadings and the evidence submitted therewith demonstrate, the Trustee chose not to administer Fedotov's cause of action against Roach.[4] Plaintiff says that "[p]ursuant to the Trustee's subsequent issuance of a 'Report of No Distribution' the Trustee chose not to adopt and administer the prosecution of this lawsuit." The docket report of the bankruptcy case also supports plaintiff's statement. In an entry dated December 29, 2003, the report states that the Trustee has fully administered the estate and that no property was received or distributed because the estate "has no nonexempt property to distribute." On February 20, 2004, the "Discharge of Debtor, Order of Final Decree" recites that Fedotov's estate has been fully administered and orders that he be released from all dischargeable debts and that his bankruptcy case be closed. The last entry in the docket report of plaintiff's bankruptcy case, dated February 23, 2004, reads "Case Closed."

Roach, as the moving party, has the burden to demonstrate that there is no material dispute concerning whether the bankruptcy Trustee properly abandoned this cause of action. Based on the foregoing, it is abundantly clear that Roach has failed to carry his burden: the evidence indicates that this cause of action was, in fact, abandoned by the bankruptcy Trustee to Fedotov, by operation of law pursuant to § 554(c), upon the closing of Fedotov's bankruptcy case on February 23, 2004. That the Trustee would abandon this cause of action is no surprise: as plaintiff admits,

the benefit of a successful outcome in this action would be limited to the statutorily-authorized maximum award of $1,000. 15 U.S.C. § 1692k(a)(2).

## C. The Absence of Collectible Debt and Plaintiff's Standing

As discussed in detail above, on February 20, 2004 the Bankruptcy Court discharged all of plaintiff's debts, including the $2,506.98 debt allegedly owed to Citibank and which was the subject of defendant's October 28, 2003 collection letter. Defendant maintains that as a consequence of the bankruptcy action, plaintiff no longer has any collectible debt and thus lacks standing to pursue this claim.[5] By focusing on whether or not plaintiff currently has actual debt, defendant betrays a significant misunderstanding of the FDCPA and the protections it provides. Whether a valid debt actually exists—either at the time a FDCPA action is filed or even at the time the allegedly offending collection practice is employed—is irrelevant to identifying a violation of the Act. Rather, the inquiry focuses on whether the conduct employed by a debt collector contravenes the FDCPA's mandates.

The FDCPA was enacted by Congress as part of the Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq., "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The Act "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection." DeSantis v. Computer Credit, Inc., 269 F.3d 159, 161 (2d Cir.2001). "In the most general terms, the FDCPA prohibits a

---

4. Indeed, in the time between the filing of this action on November 7, 2003 and the closing of Fedotov's bankruptcy case on February 23, 2004, neither Fedotov nor the bankruptcy trustee took any steps to prosecute this action.

5. Roach also asserts that the lack of any collectible debt makes Fedotov an improper class representative because without such debt his claim is not typical of the of the claims of the putative class. This is discussed infra in Part II.C.

debt collector from using certain methods in its effort to collect a 'debt' from a consumer." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.,* 111 F.3d 1322, 1324 (7th Cir.1997).

 The FDCPA is based on the premise "[t]hat every individual, whether or not he owes [a] debt, has a right to be treated in a reasonable and civil manner." 123 Cong.Rec. 10241 (1977) (remarks of Rep. Frank Annunzio). The Act defines the term "debt" to include "any obligation *or alleged obligation* of a consumer to pay money arising out of a transaction." 15 U.S.C. § 1692a(5) (emphasis added). Moreover, it defines "consumer" as "any natural person obligated *or allegedly obligated* to pay any debt." U.S.C. § 1692a(3) (emphasis supplied). As such, the Act protects consumers from "unscrupulous debt collectors, regardless of whether a valid debt actually exists." *Baker v. G.C. Services Corp.,* 677 F.2d 775, 777 (9th Cir. 1982). Hence, standing is afforded an aggrieved consumer to proceed under the Act so long as the collector was engaged in an attempt to collect an alleged debt. Here, in fact, there is no dispute that the October 28, 2003 collection letter was sent in an attempt to collect an actual debt owed to Citibank. Plaintiff's action, based entirely on the contents of defendant's collection letter, was filed on November 7, 2003, well within the one year statutory period established by the FDCPA. 15 U.S.C. § 1692k(d).

A review of plaintiff's claims further demonstrates that the existence *vel non* of a current debt is wholly irrelevant to the adjudication of those claims. Plaintiff's complaint alleges that two statements contained in defendant's collection letter violate the FDCPA. First, plaintiff claims that defendant's assertion that his firm had been retained by Citibank to collect a debt was false and misleading in violation

of §§ 1692e and 1692(e)(10), which read as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: ... (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Second, plaintiff avers that the collection letter violates the requirements of § 1692g(a)(3) of the Act because it fails to inform the debtor that if he or she fails to dispute the debt within thirty days, only the debt collector may presume the debt to valid. Section 1692g(a)(3) reads as follows:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing ... (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector....

Whether or not Fedotov currently has any collectible debt is not relevant to either of these claims. The *sine qua non* of this action is whether Roach's letter, either by inclusion or omission, violated these provisions of the Act. As a recipient of the allegedly-offending collection letter, therefore, Fedotov has standing to proceed against Roach under the FDCPA.

For the foregoing reasons, Roach's motion for summary judgment is denied.

*D. Class Certification*

Relying on his argument that, by virtue of his Chapter 7 Bankruptcy petition plaintiff does not have standing to pursue this claim, defendant moves for a denial of class certification. Plaintiff responds that defendant's motion is premature because there is no motion for class certification before this Court.

Rule 23 (c)(1)(A) of the Federal Rules of Civil Procedure provides that "[w]hen a person sues or is sued as a representative of a class, the court must— at an early practicable time—determine by order whether to certify the action as a class action." This is normally accomplished by plaintiff's motion for certification. *See, e.g., East Tex. Motor Freight Sys. v. Rodriguez*, 431 U.S. 395, 404, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977). "The defendant need not wait for the plaintiff to act, however. The defendant may move for an order denying class certification." 5–23 Moore's Federal Practice 3d § 23.82 (citing *Bryant v. Food Lion, Inc.*, 774 F.Supp. 1484, 1495 (D.S.C.1991) and *Brown v. Milwaukee Spring Co.*, 82 F.R.D. 103, 104 (E.D.Wis.1979)). Irrespective of which party makes the motion, the plaintiff will bear the burden of establishing the certification requirements of Rule 23. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 614, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997); *Caridad v. Metro–North Commuter Railroad*, 191 F.3d 283, 291 (2d Cir.1999); *Cromer Finance Ltd. v. Berger*, 205 F.R.D. 113, 120 (S.D.N.Y. 2001).

Hence, defendant's Motion for Denial of Class Certification—a procedural "preemptive strike" against this purported class action—is properly before this court. While I have addressed the substance of defendant's arguments that undergird his motion, I do not reach the question of class certification. Rather, I direct plaintiff to submit papers in opposition to defendant's motion. That submission should include affidavits, declarations, or any other evidence which he would normally submit pursuant to a Motion for Class Certification under Rule 23 of the Federal Rules. Defendant, as the moving party, will have an opportunity to file a reply, if so advised.

### III. Conclusion

For the foregoing reasons:

1. Defendant's motion for summary judgment is denied.

2. On or before February 25, 2005, plaintiff is directed to file and serve papers in opposition to defendant's Motion to Deny Class Certification, including affidavits, declarations, or any other evidence normally submitted pursuant to a Motion for Class Certification.

3. On or before March 4, 2005, defendant is directed to file and serve reply papers, if so advised.

4. The Court reserves judgment on defendant's Motion for Denial of Class Certification.

5. If the Court desires oral argument, counsel will be advised.

It is SO ORDERED.