**Patrick W. DOHERTY, Plaintiff,**

v.

**CITIBANK (SOUTH DAKOTA) N.A., Defendants.**

**No. 04CIV.5578(ADS)(WDW).**

United States District Court, E.D. New York.

June 29, 2005.

Patrick W. Doherty, Babylon, NY, Plaintiff Pro se.

Sidley, Austin, Brown & Wood LLP, New York City (Benjamin R. Nagin, Daniel Adam Goldschmidt, Of Counsel), for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The *pro se* plaintiff Patrick W. Doherty ("Doherty" or the "Plaintiff") commenced this action in the District Court, County of Suffolk against the defendant Citibank (South Dakota), N.A., ("Citibank" or the "Defendant") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"). In particular, the complaint asserts six causes of action against Citibank alleging that various debt collectors acting as agents of Citibank violated the FDCPA. Citibank timely removed the action to this court pursuant to 28 U.S.C. § 1441(b) and now moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.") for dismissal of this action for failure to state a claim. Also pending before the Court is a motion by Doherty to remand this action to the District Court, County of Suffolk.

For the reasons stated below, the motion to remand is denied and the motion to dismiss is granted.

## I. DISCUSSION

At the outset, the Court notes the Plaintiff is proceeding *pro se* and that his submissions should be held " 'to less stringent standards than formal pleadings drafted by lawyers....' " *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (per curiam) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972)). Indeed, the Court should "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.' " *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). Nevertheless, the Court is also aware that *pro se* status " 'does not exempt a party from compliance with relevant rules of procedural and substantive law....' " *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983).

28 U.S.C. § 1447(c) mandates that in an action removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Accordingly, before considering Citibank's motion to dismiss, the Court must consider Doherty's request for remand.

## A. As to the Motion to Remand

In order for an action to proceed in federal court, the federal court must have a basis for subject matter jurisdiction. In that regard, a defendant in a state court action may remove the action to federal court pursuant to 28 U.S.C. § 1441(b) if the federal district court has "original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." Moreover, removal pursuant to Section 1441(b) is proper "without regard to the citizenship or residence of the parties."

█ Where, as here, removal is based on federal question jurisdiction, rather than diversity of citizenship, the defendant must demonstrate the existence of a federal question based on the well-pleaded complaint rule. *Marcus v. AT&T Corp.,* 138 F.3d 46, 52 (2d Cir.1998); *see also West 14th Street Commercial Corp. v. 5 West 14th Owners Corp.,* 815 F.2d 188, 192 (2d Cir.1987) ("The [well-pleaded complaint] rule provides that federal question jurisdiction exists only when the plaintiff's own cause of action is based on federal law ... and only when plaintiff's well-pleaded complaint raises issues of federal law.").

█ Here, each of the six causes of action in the complaint alleges a claim

against Citibank pursuant to the FDCPA. Because the FDCPA provides that "an action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy ...," 15 U.S.C. § 1692k(d), the complaint states a federal question. Thus, removal was proper pursuant to 28 U.S.C. § 1441(b).

The Plaintiff argues that this action must be remanded because this action is not "separate and independent" from a credit collection case brought by Citibank against Doherty in the District Court, County of Suffolk, and from "other related actions against [CitiBank] for libel and civil recovery for criminal contempt" that have not yet been filed. Plf. Not. to Remand at ¶ 1. The Plaintiff also argues that Citibank's removal was improper because there is no complete diversity of citizenship among the parties.

Both arguments are without merit. The fact that there is a separate civil action in state court arising out of the Plaintiff's alleged failure to satisfy his debts to Citibank has no bearing on whether this Court has subject matter jurisdiction over the instant case. In addition, as stated above, because Citibank removed this action pursuant to 28 U.S.C. § 1441(b), the citizenship or residence of the parties is irrelevant.

Accordingly, the Court finds that this action was properly removed and the Plaintiff's motion to remand this action is denied.

## B. As to the Motion to Dismiss.

In deciding a motion to dismiss under Rule 12(b)(6), a district court must "accept all of the plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Desiderio v. National Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 202 (2d Cir.1999). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir.1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

As stated above, each of the six causes of action in the complaint allege a violation of the FDCPA. The purpose of the FDCPA is, in part, "to eliminate abusive debt collection practices by *debt collectors*." 15 U.S.C. § 1692(e) (emphasis added). In that regard, this statute "was designed to protect consumers from unscrupulous collectors whether or not there is a valid debt." *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir.1982); *see also Fedotov v. Peter T. Roach and Associates, P.C.*, 354 F.Supp.2d 471, 477 (S.D.N.Y.2005).

Citibank moves to dismiss the complaint on the basis that the FDCPA is inapplicable to Citibank because it is a creditor rather than a debt collector.

The FDCPA defines a "debt collector" as:

> [A]ny person ... in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another ... [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts....

15 U.S.C. § 1692a(6).

Thus, a plain reading of the statute reveals that generally, as a matter of law, "creditors are not subject to the

FDCPA." *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998). The Court notes that as an exception to this general rule, "a creditor may be deemed a debt collector under the false name exception [of the FDCPA] if, in the process of collecting his own debts, [the creditor] uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts, if it pretends to be someone else or uses a pseudonym or alias, or if it owns and controls the debt collector rendering it the creditor's alter ego." *Mazzei v. Money Store*, 349 F.Supp.2d 651, 659 (S.D.N.Y.2004) (citing *Maguire.*, 147 F.3d at 234–35).

█ On its face, the complaint fails to state a cause of action against Citibank pursuant to the FDCPA. Significant to this determination is that the Plaintiff does not dispute that Citibank is a creditor. Compl. ¶ 5. Because the FDCPA expressly limits its application to debt collectors, not creditors, Citibank is not a proper party to this action. In addition, the complaint does not allege that Citibank made any attempt to collect its own debts owed by the Plaintiff or used any other name and/or alias in an attempt to collect the debts in question. Although the complaint alleges that various debt collectors, namely, Academy Collection Services, National Financial Systems, Inc., and Rubin and Rothman, LLC (the "Debt Collectors"), violated the FDCPA, these entities were not named as defendants in this action.

█ To the extent that the Plaintiff is alleging that Citibank violated the FDCPA due to an agency relationship with the Debt Collectors, "a creditor that is not itself a debt collector is not vicariously liable for the actions of a debt collector it has engaged to collect its debts." *Kolari v. New York–Presbyterian Hospital, et al.*, No. 04 Civ. 5506, 2005 WL 710452, at * 7 (E.D.N.Y. Mar.29, 2005) (citing *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 107 (6th Cir.1996)).

Accordingly, the complaint fails to state a cause of action against Citibank pursuant to the FDCPA. Accordingly, the Defendants motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) is granted.

## II. CONCLUSION

Based on the foregoing, it is hereby

ORDERED, that the motion by Doherty to remand this action to the to the District Court, County of Suffolk is **DENIED**; and it is further

ORDERED, that the motion by Citibank pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss this action for failure to state a claim is **GRANTED**; and it is further

ORDERED, that the Clerk of the Court is directed to close this case.

**SO ORDERED.**