**Brian WEISS, Plaintiff,**

v.

**ZWICKER & ASSOCIATES, P.C., Defendant.**

**No. 08-CV-3041 (ADS)(WDW).**

United States District Court, E.D. New York.

Oct. 21, 2009.

Lawrence Katz, Esq., Cedarhurst, NY, Attorney for the Plaintiff.

Zwicker & Associates, P.C. by Andrew J. Dick, Esq. Robert W. Thuotte, Esq., Of Counsel, Andover, MA.

## *MEMORANDUM OF DECISION AND ORDER*

SPATT, District Judge.

On July 24, 2008, Brian Weiss ("the Plaintiff") filed a complaint against Zwicker & Associates, P.C. ("Zwicker"), a Massachusetts law firm, alleging that two debt collection letters sent to him by Zwicker violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Presently before the Court are the parties' cross-motions for summary judgment. For the reasons that follow, the Court grants partial summary judgment in favor of the Plaintiff and partial summary judgment in favor of Zwicker.

## *I. BACKGROUND*

The instant cross-motions present the rare case where the parties are in complete agreement about the material facts. Zwicker, a Massachusetts law firm which specializes in debt collection, was retained by American Express on March 25, 2008 for the purpose of collecting a credit card debt from the Plaintiff. The following day, Zwicker sent a demand letter ("the March 26th Letter") to the Plaintiff, stating that:

> [a]s of the date of this letter, the balance on your account is $30,982.09. Your balance may include additional charges including delinquency charges, as applied at the direction of American Express, if said charges are permissible in accordance with the terms of your agreement.

As required by the FDCPA, the March 28th Letter explained that the Plaintiff had a right to forward a written notice disputing the debt within 30 days.

On June 28, 2008, Zwicker sent the Plaintiff a second demand letter ("the June 28th Letter") stating that the balance on his account was $32,596.04. Although there are no disputed factual issues, the parties draw different legal conclusions from these agreed upon set of facts.

## *II. DISCUSSION*

### A. Standard–Fed.R.Civ.P. 56

It is well-settled that summary judgment under Fed.R.Civ.P. 56(c) is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is "material" within the meaning of Fed.R.Civ.P. 56 when its resolution "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

"The same standard of review applies when the court is faced with cross-motions for summary judgment." *Clear Channel Outdoor, Inc. v. City of New York,* 608 F.Supp.2d 477, 492 (S.D.N.Y.2009) (citing *Morales v. Quintel Entm't, Inc.,* 249 F.3d 115, 121 (2d Cir.2001)). In evaluating cross-motions for summary judgment, "[e]ach party's motion must be reviewed on its own merits, and the Court must draw all reasonable inferences against the party whose motion is under consideration." *Id.* (citing *Morales,* 249 F.3d at 121).

### B. FDCPA—The Least Sophisticated Consumer Standard

■ The principal aim of Congress in enacting the FDCPA was to "eliminate abusive debt collection practices by debt collectors." *Greco v. Trauner, Cohen & Thomas, L.L.P.,* 412 F.3d 360, 363 (2d Cir.2005) (quoting 15 U.S.C. § 1692(e)). To that end, the FDCPA mandates that when a debt collector solicits payment from a consumer, the debt collector must provide a written validation notice stating, among other things, the amount of the debt sought. 15 U.S.C. § 1692g. In analyzing whether the requirements of the FDCPA have been met, courts apply an objective standard, measured by how the "least sophisticated consumer" would interpret the debt collector's notice. *DeSantis v. Computer Credit, Inc.,* 269 F.3d 159, 161 (2d Cir.2001).

■ This inquiry involves an "objective analysis that seeks to protect 'the naive' from abusive practices ... while simultaneously shielding debt collectors from liability for 'bizarre or idiosyncratic interpretations' of debt collection letters." *Greco,* 412 F.3d at 363 (quoting *Clomon v. Jackson,* 988 F.2d 1314, 1320 (2d Cir.1993)) (internal citations omitted). Ultimately, "[t]he critical question is ... whether the notice fails to convey the required information 'clearly and effectively and thereby makes the least sophisticated consumer uncertain' as to the meaning of the message." *Id.* (quoting *Savino v. Computer Credit, Inc.,* 164 F.3d 81, 85 (2d Cir.1998)).

### C. The Cross–Motions for Summary Judgment

The Plaintiff alleges that Zwicker violated the FDCPA in two respects. First, the Plaintiff contends that the March 26th Letter failed to clearly state the amount of the debt. Second, the Plaintiff argues that the June 28th Letter was confusing because it noted, without explanation, that his balance had increased by five percent from the amount stated in the March 26th

Letter. The Court will address both of these arguments in turn.

#### 1. The March 26th Letter

The Plaintiff argues that the amount of the debt was unclear because, in addition to noting that his total balance as of the date of the letter was $30,982.09, the letter also stated that his "balance may include additional charges including delinquency charges, as applied at the direction of American Express, if said charges are permissible in accordance with the terms of [the parties'] agreement." The Court finds that this language violates the FDCPA because it is " 'reasonably susceptible to an inaccurate reading' of the required message." *DeSantis,* 269 F.3d at 161 (quoting *Russell v. Equifax A.R.S.,* 74 F.3d 30, 35 (2d Cir.1996)).

A consumer receiving the March 26th Letter could reasonably interpret the letter in two ways: it could be read to mean that the total balance of $30,982.09 already includes additional charges or it could be read to mean that the total balance might eventually include certain additional charges. In any event, it is not clear to the Court whether the additional charges are already included in the total balance. This type of uncertainty is likely to confuse even more sophisticated consumers about the actual amount of the debt owed. Accordingly, the Plaintiff is entitled to summary judgment on his claim that the March 26th Letter violates the "amount of debt" provision, 15 U.S.C. § 1692g(a)(1), in the FDCPA.

#### 2. The June 28th Letter

The June 28th Letter stated that the Plaintiff's total balance as of that date was $32,596.14. As far as the Court can discern, the Plaintiff's argument is that the June 28th Letter failed to clearly provide the amount of the debt sought because it did not explain why his total balance had increased by five percent from the amount stated in the March 26th Letter.

However, the Plaintiff does not identify—and the Court is unable to find—any authority for the proposition that a debt collector has an obligation to explain why a consumer's debt has increased. The Court finds that there is nothing confusing or misleading about the increased amount of debt stated in the June 28th Letter as even the most unsophisticated consumer would understand that credit card debt accrues interest. Accordingly, the Court finds that the June 28th Letter did not violate the "amount of debt" provision, 15 U.S.C. § 1692g(a)(1), in the FDCPA.

The Plaintiff makes the additional argument that the June 28th Letter violated the FDCPA because it did not advise him of his right to dispute the increase in the total balance. However, the FDCPA imposes no such requirement. The FDCPA provides that "[w]ithin five days after the initial communication with a consumer ... a debt collector shall, unless [such] information is contained in the initial communication," send written notice to a consumer advising him that he has thirty days to dispute the debt. *See* 15 U.S.C. § 1692g(a)(4). Here, it is undisputed that the March 26th Letter advised the Plaintiff of his right to dispute the debt. Having done so, Zwicker had no obligation in the June 28th Letter to remind him of his right to dispute the increased balance. Accordingly, the Court finds that the June 28th Letter fully complied with the requirements of the FDCPA.

### D. Damages

The FDCPA authorizes the court to award a plaintiff actual damages, plus statutory damages in an amount not to exceed $1,000. *See* 15 U.S.C. § 1692k. Here, the Plaintiff's complaint does not seek actual damages and the Court is

hard-pressed to imagine what actual damages he might have suffered as a result of Zwicker's violation of the FDCPA. The Court's task, then, is to consider the appropriate amount in statutory damages.

In setting the appropriate level of statutory damages, the FDCPA "directs the court to consider the following factors: 'the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional,' as well as any other factors that are relevant." *Sparkman v. Zwicker & Associates, P.C.,* 374 F.Supp.2d 293, 302 (E.D.N.Y.2005) (quoting 15 U.S.C. § 1692k(b)(1)). "The decision whether to award statutory damages under the FDCPA and the size of the award are matters committed to the sound discretion of the district court." *Savino,* 164 F.3d at 86.

In the instant case, there is no pattern of noncompliance on the part of Zwicker. In fact, the Court found only one technical violation of the statute in the March 26th Letter. There is also no evidence that the violation was intentional. Moreover, the letter was not threatening in tone and the Plaintiff suffered no actual damages. Under the circumstances, the Court finds that an award of statutory damages in the amount of $500 is appropriate and comports with statutory damages awarded in comparable FDCPA cases. *See Savino,* 164 F.3d at 86 (affirming a district court's award of $500.00 against a debt collector whose noncompliance was not intentional and whose communication was "not threatening or abusive in tone"); *Nero v. Law Office of Sam Streeter, P.L.L.C.,* 655 F.Supp.2d 200, 210 (E.D.N.Y.2009) (awarding $500 in statutory damages for an isolated, unintentional, and technical violation of the statute).

## *III. CONCLUSION*

Based on the foregoing, it is hereby **ORDERED** that the parties' cross-motions for summary judgment are granted in part and denied in part. The Court grants partial summary judgment in favor of Zwicker on the Plaintiff's claim that the June 28th Letter violated the FDCPA. The Court grants partial summary judgment in favor of the Plaintiff on his claim that the March 26th Letter violated the "amount of debt" provision in the FDCPA. The Court awards the Plaintiff statutory damages in the amount of $500 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

Plaintiff's counsel is directed to serve and file his application for costs and attorneys' fees within 10 days of the date of this order. Zwicker may respond within the timeframe provided in Local Rule 6.1.

**SO ORDERED.**