**Sandy A. MONOKROUSOS, on behalf of herself and all others similarly situated, Plaintiff,**

v.

**COMPUTER CREDIT, INC., K.L. Nifong and J.G. Lake, Defendants.**

**No. 97 CIV. 6496(BDP).**

United States District Court,
S.D. New York.

Nov. 20, 1997.

Gregory McStay, James Sotomayor, Sotomayor & McStay, Bronx, NY, for Plaintiff.

Robert L. Dougherty, Garden City, NY, for Defendants.

## MEMORANDUM DECISION

PARKER, District Judge.

### INTRODUCTION

Plaintiff Sandy A. Monokrousos filed this action, on behalf of herself and all others similarly situated, against Computer Credit, Inc., K.L. Nifong, and J.G. Lake, alleging violations of the Fair Debt Collection Practices Act (the "Act"), 15 U.S.C. § 1692 *et seq.* Computer Credit, Inc. is a debt collection agency and defendants Nifong and Lake are its Director of Operations and President, respectively. Plaintiff alleges that three letters which defendants mailed to plaintiff in an attempt to collect a debt violated the Act. The letters were dated March 27, April 10, and April 24, 1997. Plaintiff contends that the three letters violated the thirty day validation notice provision of the Act, 15 U.S.C. § 1692g(a), and the Act's prohibition of false, misleading or deceptive representations in an attempt to collect a debt, 15 U.S.C. § 1692e(10). Although each of the letters contained the required thirty day validation notice, they also contained other language that, plaintiff contends, could have caused a consumer to be confused or uncertain as to her legal rights. Defendants move, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss the complaint.

### DISCUSSION

A Rule 12(b)(6) motion challenges the sufficiency of the facts alleged in the complaint. *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir.1991). On a Rule 12(b)(6) motion, the complaint should not be dismissed unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

■ Whether the letters sent to plaintiff by the defendants violate the Act is to be determined by applying the "least sophisticated consumer" standard. *Russell v. Equifax A.R.S.,* 74 F.3d 30, 34 (2d Cir.1996) (adopting "least sophisticated consumer" test for § 1692g); *Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir.1993) (adopting same test for § 1692e). The purpose of the least sophisticated consumer standard is, in part, to protect "naive and ... trusting debtors against deceptive debt collection practices." *Clomon v. Jackson,* 988 F.2d 1314, 1320 (2d Cir.1993). A court must consider how the language contained in the challenged debt collection letters might be interpreted by an unsophisticated consumer. Hence, simply including the required validation notice in a debt collection letter may not be sufficient to comply with the Act. Notices that contain the required language may nonetheless violate the Act if they contain "language that overshadows or contradicts other language informing a consumer of her rights." *Russell,* 74 F.3d at 34 (internal quotations omitted). "A notice is overshadowing or contradictory if it would make the least sophisticated consumer uncertain as to her rights. It is not enough for a debt collection agency simply to include the proper debt validation notice in a mailing to a consumer." *Russell,* 74 F.3d at 35.

■ The three debt collection letters sent to plaintiff by defendants all contained the required thirty day validation notice, which was printed on the reverse side of each letter. The second letter sent by defendants, dated April 10, 1997, implied, however, that plaintiff was permitted less than the thirty day validation period in which to pay or contest the debt. The letter stated that "Fourteen days have passed since our last communication with you, and your seriously delinquent balance ... still remains unpaid." The letter goes on to state that "If we are not notified that your debt has been paid before April 24, 1997 and if this debt is not disputed, we shall advise you of our final position regarding the status of your account." This language could lead an unsophisticated consumer to believe that she had only until April 24, 1997 to contest the debt, when, in fact, the thirty day validation period allowed her until April 26 to do so. There-

fore, the plaintiff has stated a claim on which relief may be granted.

## CONCLUSION

For the reason stated above, the defendants' motion to dismiss the complaint, pursuant to Fed.R.Civ.P. 12(b)(6), is denied.