**Elane BLEICH, Plaintiff,**

v.

**THE REVENUE MAXIMIZATION GROUP, INC. and Nassau Health Care Corporation, Defendants.**

**No. CV 01–5168.**

United States District Court,
E.D. New York.

Dec. 3, 2002.

Katz & Kleinman, By Lawrence Katz, Uniondale, NY, for Plaintiff.

Ahmuty, Demers & McManus, By Joseph M. O'Connor, Albertson, NY, for Defendant The Revenue Maximization Group, Inc.

Parisi & Smitelli, By Gregg H. Grossman, Rockville Centre, NY, for Defendant Nassau Health Care Corporation.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This is an action commenced by Plaintiff Elane Bleich ("Plaintiff" or "Bleich") pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Named as defendants are The Revenue Maximization Group, Inc. ("Revenue") and Nassau Health Care Corporation ("Nassau" or the "Hospital"). The collection letter at issue was sent by Revenue, a collection agency, to obtain payment on a debt, incurred by Plaintiff, to the Hospital. Plaintiff alleges that the letter violates the FDCPA and seeks damages and attorneys fees from both parties. Presently before the court is Revenue's motion for summary judgment. For the reasons set forth below, the motion is granted.

## BACKGROUND

### I. Factual Background

On January 8, 2001, Plaintiff was administered a flu shot for which she paid to the Hospital a $25 fee. Thereafter, Plaintiff received from the Hospital a statement dated February 26, 2001, claiming that Plaintiff owed the Hospital $25 for services rendered on the day that she received (and paid for) the flu shot. Despite the facts that Plaintiff contacted the Hospital on more than one occasion and provided the Hospital with a copy of the $25 cancelled check, the Hospital failed to correct its records and continued to send invoices to Plaintiff. Thus, invoices dated April 23, 2001 and May 29, 2001 were sent by the Hospital to Plaintiff seeking payment of the $25 alleged debt.

After sending the May 29, 2001 letter, the Hospital referred the $25 debt to Revenue to pursue collection. In a letter dated July 24, 2001, (the "Collection Letter") Revenue demanded payment of the $25 debt. The Collection Letter referred to

Plaintiff's "failure to pay the amount due." It further stated that the Hospital "expected payment at the time treatment was provided," and that the "amount due is now seriously in arrears."

The Collection Letter also contained specific information required by the FDCPA regarding the validity of the debt at issue. Thus, the Collection Letter advised Plaintiff that the debt would be assumed to be a valid debt unless, within thirty days of receipt of the letter, Plaintiff disputed its validity. The Collection Letter advised Plaintiff of the mechanism for disputing the debt, *i.e.*, submitting a written statement to Revenue stating that the debt is not owed. In the event that Plaintiff wrote to Revenue disputing the debt, the letter stated (as required by law) that it would obtain verification of the debt and mail such verification to Plaintiff.

Although Plaintiff disputed the validity of the debt, she did not take advantage of the statutory debt validation procedure set forth in the Collection Letter. Indeed, she made no attempt to contact Revenue directly regarding the debt. Instead, shortly after receipt of the Collection Letter, Plaintiff commenced this action.

## II. *The Allegations of the Complaint*

Plaintiff alleges that the Collection Letter violates that FDCPA in various respects. Specifically, Defendants are alleged to have violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10). Each of these sections make it unlawful to make certain false representations in connection with the collection of a debt. Section 1692e states, in general terms, that it is unlawful for a debt collector to "use any false, deceptive or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e(2)(A) makes it specifically unlawful to falsely represent "the character, amount or legal status of any debt." 15 U.S.C.

§ 1692e(2)(A). Finally, Section 1692e(10) makes it unlawful to use any "false representation or deceptive means to collect or attempt to collect any debt . . ." 15 U.S.C. § 1692e(10).

While Plaintiff states that all three FDCPA sections cited were violated by the Collection Letter, she relies on one allegedly false statement in that letter to support of all her claims. Specifically, Plaintiff alleges that the Collection Letter stated, falsely, that the $25 debt was in arrears when, in fact, it was not. This statement as to the validity of the debt is alleged to constitute a "false, deceptive and misleading representation" (in violation of Sections 1692e and 1692e(10)) as well as falsely representing "the character, amount or legal status" of the debt ( in violation of Section 1692e(2)(A)).

## III. *The Motion For Summary Judgment*

Revenue moves for summary judgment arguing that the allegedly false statement relied upon cannot support an FDCPA cause of action. Revenue argues that it relied upon the Hospital when assuming the validity of the debt. It is further argued that the FDCPA contains a specific mechanism for challenging the validity of a debt that is the subject of a collection letter. The presence of this specific statutory procedure is argued to negate the right to state an FDCPA cause of action based only upon the alleged invalidity of a debt.

Revenue further argues that even if the Collection Letter violates the FDCPA, it is, in any event, entitled to take advantage of the "bona fide error" defense set forth in 15 U.S.C. § 1692k(c). That section of the FDCPA provides that a debt collector may not be held liable if it can be shown, by a preponderance of the evidence, that the violation of the act "was not intentional

and resulted from a bona fide error not-withstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c).

After outlining the applicable law, the court will turn to the merits of the motion.

## DISCUSSION

### I. Standards Applicable To A Motion For Summary Judgment

Summary judgment is appropriate only if there is "no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). On motions for summary judgment the court will not try issues of fact, but will determine only if there are issues to be tried. *See Donahue v. Windsor Locks Bd. Of Fire Commissioners*, 834 F.2d 54, 55 (2d Cir.1987).

### II. The FDCPA and the Required Validation Notice

■ The FDCPA (the "Act") was enacted to eliminate the use of unscrupulous practices in the debt collection industry. *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir.1996); *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 217 F.Supp.2d 336, 338 (E.D.N.Y.2002). The Act makes certain particular practices, including threats of violence made in connection with the attempt to collect a debt, expressly unlawful. *See* 15 U.S.C. § 1692d. Also made illegal by the FDCPA are the general use of any "false, deceptive or misleading representation or means" used in the attempt to collect a debt. *See* 15 U.S.C. § 1692e. In addition to the prohibition of certain practices, the FDCPA places an affirmative duty, on those engaged in the business of debt collection, to provide certain information to debtors. Specifically, the Act requires that particular language, that has come to be known as the "validation notice," be placed in correspondence used to collect debts.

The debt validation information required to be communicated to debtors is set forth in 15 U.S.C. § 1692g ("Section 1692g"). In addition to requiring communication of the amount of the debt and the name of the creditor to whom the debt is owed, the FDCPA requires that the following, specific information regarding the validity of the debt (and the consumer's right to challenge the alleged validity) be provided to the consumer:

- a statement that unless the consumer, within thirty dates after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

- a statement that if the consumer notifies the debt collector in writing within the thirty day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

- a statement that, upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a); *see McStay v. I.C. System, Inc.*, 308 F.3d 188, 2002 WL 31312110 *3 n. 1 (2d Cir. October 16, 2002).

The FDCPA also provides that where a consumer challenges the validity of a debt by invoking the procedure described above, the debt collector must "cease collection of the debt, or any disputed portion thereof," until the verification requested is obtained and mailed to the consumer. 15 U.S.C. § 1692g(b).

### III. *The Bona Fide Error Defense*

Section 1692k(c) of the FDCPA provides a specific affirmative defense to debt collectors. Specifically, this section provides that a debt collector who has violated the Act will not be held liable if he can show, by a preponderance of the evidence, that his violation "was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c).

### IV. *Disposition of the Motion*

 Plaintiff does not allege that Revenue has engaged in any of the specifically enumerated practices outlawed by the FDCPA. Rather, she relies on three "catch-all" provisions of the Act, that bar the use of "false, deceptive or misleading" representations. *See* 15 U.S.C. §§ 1692e; 1692e(2)(A) and 1692e(10). In support of these claims, Plaintiff does not dispute that Revenue failed to include the proper validation notice. Instead, it is claimed only that the statement regarding the validity of the $25 debt constitutes a fraudulent, deceptive and misleading statement. For the reasons set forth below, the court disagrees and holds that the allegation that the debt sought to be collected is not owed, standing alone, cannot form a basis for a "false and misleading practices" claim under the FDCPA.

As demonstrated above, the FDCPA sets forth a detailed procedure for disputing the validity of a debt. The consumer is given the immediate opportunity to dispute the debt and upon the making of a request for debt verification, all collection efforts must cease. *See* 15 U.S.C. § 1692g(a). This debt validation procedure must be clearly communicated to the consumer and courts are loathe to allow debt collectors to vary from, or contradict, the statutory notification. Indeed, the failure to communicate clearly the validation procedure forms the basis of many FDCPA lawsuits. *See e.g., Russell,* 74 F.3d at 34 (requiring that validation notice be understood by the "least sophisticated consumer"); *see also Savino v. Computer Credit, Inc.,* 164 F.3d 81, 85–86 (2d Cir. 1998) (holding validation notice unlawful because request for "immediate payment" overshadowed validation notice thirty day period); *Monokrousos v. Computer Credit, Inc.,* 984 F.Supp. 233, 234 (S.D.N.Y.1997) (letter held to violate FDCPA where validation notice was contradicted by request for payment prior to expiration of thirty day validation period).

Here, there is no question that Revenue's letter to Plaintiff contained a proper validation notice. There is also no question that Plaintiff chose to ignore the debt validation procedure in favor of filing an immediate lawsuit. Had Plaintiff exercised her rights under the FDCPA to obtain debt verification, it is entirely likely that litigation would have been avoided. Indeed, this is likely the reason Congress chose to include the debt validation procedure in the Act. The specific procedure for debt validation must have been intended to avoid FDCPA litigation based solely on the debt's validity as communicated to the collection agency by the creditor.

The court can understand, and indeed, sympathize with the frustration experienced by the Plaintiff when she continually received invoices seeking payment that had already been made. That frustration must have only escalated when the Hospital ignored documentation showing that the debt had been paid. Nonetheless, Revenue was not involved at that point in time and was entitled to rely, in the first instance, on the Hospital's representation that the debt was valid. Revenue's collection letter was in full accord with the requirements of the FDCPA and therefore, cannot constitute a false or misleading action in violation of the statute.

A similar result was reached upon an analogous set of facts in *Jang v. A.M. Miller and Assocs.*, 122 F.3d 480 (7th Cir. 1997). There, plaintiffs attempted to state an FDCPA claim based on the allegation that the debt collector never intended to obtain debt verification when such information was requested by a consumer. Instead, upon receiving such a request, the debt collector would simply return the file to the creditor and cease all collection efforts. In *Jang*, as here, the debt collector complied with the FDCPA by including the required debt validation notice. Where there had been such compliance, the Seventh Circuit held that no FDCPA "false and misleading collection letter" cause of action was stated. *Jang*, 122 F.3d at 484. Recognizing that "in the real world" mistakes may be made as to whether or not a debt was actually in arrears, the court noted that where the debt collector could not verify a debt, collection efforts would cease and no FDCPA liability would be incurred. *Jang*, 122 F.3d at 483. Similarly here, Revenue can incur no liability where it has complied with the debt validation procedure set forth in the FDCPA—even if the actual debt is not in arrears.

Likewise, in *Lindbergh v. Transworld Systems, Inc.*, 846 F.Supp. 175 (D.Conn. 1994), the court rejected a plaintiff's purported FDCPA cause of action on the ground that plaintiff failed to take advantage of the statutory debt validation procedure but, instead, instituted litigation. There, as here, the plaintiff ignored the properly communicated FDCPA debt validation procedure. Instead, plaintiff alleged that the defendant debt collector violated the FDCPA by attempting to collect a debt that was barred from collection by the statute of limitations. Holding that no FDCPA cause of action was stated, the court granted the defendant debt collector's motion for summary judgment.

In sum, the court holds that where a debt collector has included appropriate language regarding the FDCPA debt validation procedure, the allegation that the debt is invalid, standing alone, cannot form the basis of a lawsuit alleging fraudulent or deceptive practices in connection with the collection of a debt. Likewise, a consumer alleging that a debt referenced in a collection letter is not valid, is required to follow the clear and orderly procedure set forth in the FDCPA. Such a consumer may not institute an immediate lawsuit alleging that the letter violates the FDCPA. To allow such lawsuits would discourage use of the detailed statutory procedure. Instead, individuals would be encouraged to resort to litigation (and the prospect of an attorney's fee award) instead of being encouraged to communicate directly with the debt collector to expeditiously resolve their claim. As set forth by the court in *Lindbergh*, this court, too, "can only wonder why the plaintiff has chosen to impose the significant burden of litigation on both the defendant and this court, instead of simply following that cost-effective procedures provided by the FDCPA specifically designed to facilitate the exchange of information between debt collectors and debtors." *Lindbergh*, 846 F.Supp. at 179.

Because Plaintiff's claim is based only upon the assertion that the debt sought to be collected is not valid, she fails to state an FDCPA cause of action and Revenue is entitled to summary judgment.[1]

1. In view of the foregoing disposition, it is unnecessary to consider Revenue's claim that it is entitled to invoke the FDCPA bona fide error defense. Although it has expressed an interest in moving for summary judgment on the ground that it is not a "debt collector" within the meaning of the FDCPA, the Hospital has not yet interposed such a motion and

## CONCLUSION

For the foregoing reasons, the court grants the motion of defendant Revenue Maximization Group, Inc. for summary judgment. The Clerk of the Court is directed to terminate the motion.

SO ORDERED.

remains, at this point, a defendant in this lawsuit.