DiMatteo v. Sweeney, Gallo, Reich & Bolz, L.L.P.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand fifteen.

PRESENT:
>> PIERRE N. LEVAL,
>> GERARD E. LYNCH,
>> RAYMOND J. LOHIER, JR.,
>> *Circuit Judges.*

_____

EUGENE DIMATTEO,

>> *Plaintiff-Appellant*,

>> v.                                        No. 14-3746

SWEENEY, GALLO, REICH & BOLZ, L.L.P.,
DAVID A. GALLO.

>> *Defendants-Appellee*s.

_____

FOR APPELLANT:                DANIEL A. SCHLANGER (Elizabeth
                              Shollenberger, *on the brief*) Schlanger &
                              Schlanger, LLP, Pleasantville, NY.

FOR APPELLEES:                RASHEL M. MEHLMAN, Sweeney, Gallo,
                              Reich & Bolz, LLP, Rego Park, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Crotty, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **VACATED** and the case is **REMANDED** to the district court for further proceedings consistent with this Order.

Plaintiff-appellant Eugene DiMatteo appeals from an order of the district court dismissing his claims against defendants-appellees Sweeney, Gallo, Reich & Bolz, LLP and David A. Gallo under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and New York Judiciary Law § 487. We review the district court's decision de novo, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in plaintiff's favor. Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc., 637 F.3d 112, 115 (2d Cir. 2011). We assume the parties' familiarity with the facts and procedural history.

1.    Collection Letter and Housing Court Action

Appellees, on behalf of DiMatteo's landlord, sent DiMatteo a collection letter and commenced a New York City Housing Court action against him, alleging fourteen months of unpaid rent. The alleged debt arose because the landlord refused to accept payment tendered by Martin Hirko, who resides with DiMatteo in the rent-controlled apartment. DiMatteo claims that the collection letter and the Housing Court complaint violated the FDCPA by falsely asserting that he owed rent, when in fact no rent was

owing because it had been tendered by Hirko.[1]  See 15 U.S.C. § 1692e (prohibiting debt collectors from "us[ing] any false . . . representation . . . in connection with the collection of any debt").  Under the circumstances, appellees' assertion that rent was unpaid was not false, as the governing law was unclear whether the landlord could lawfully refuse to accept Hirko's tender of the rent.  See Park Holding Co. v. Power, 554 N.Y.S.2d 861, 863 (1st Dep't 1990).

The FDCPA prohibits debt collectors from using not only false representations, but also "deceptive . . . or misleading" ones.  15 U.S.C. § 1692e.  Whether a communication is deceptive or misleading is determined under "an objective standard based on the 'least sophisticated consumer,'" in order "to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd."  Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993).  Under this standard, "collection [communications] can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate."  Id. at 1319.  "[I]n applying this standard, we bear in mind the Act's 'dual purpose': in addition to protecting consumers against deceptive debt collection practices, the objective test . . . protects debt collectors from unreasonable constructions of their communications."  Jacobson v. Healthcare Fin. Svcs., Inc., 516 F.3d 85, 90 (2d Cir. 2008).

---

[1]  Pursuant to a Stipulation of Settlement and Discontinuance in the Housing Court action, DiMatteo and Hirko paid the back rent, and DiMatteo's landlord agreed to accept payment from Hirko "without prejudice to [the landlord's] rights to contest the occupancy/tenancy of Hirko at the subject apartment at a future date."  Joint App'x at 36.

3

DiMatteo argues that the collection letter and the Housing Court complaint were deceptive and misleading because they "mis-portray[ed] the dispute . . . as one involving garden variety non-payment." Appellant's Br at 17. The district court rejected this argument on the ground that "even the least sophisticated consumer would not have been confused about the nature of the landlord's claims for back rent," since DiMatteo was "well aware that the landlord refused to accept rent checks not signed by him, and that that was the reason why [appellees] asserted that his rent payments were in arrears." Joint App'x at 98. DiMatteo contends that this was error because interpreting the communications in light of the facts known to him converts the least sophisticated consumer standard into a "subjective, reliance-based standard." Appellant's Br. at 15.

DiMatteo argues that because we have said that "the least sophisticated consumer test pays no attention to the circumstances of the particular debtor in question," Easterling v. Collectco, Inc. 692 F.3d 229, 234 (2d Cir. 2012), we should disregard any background facts known to him. Unlike the "circumstances" at issue in Easterling, however, the facts at issue here do not pertain to the debtor's background, financial circumstances, or sophistication, but merely to what even the "least sophisticated consumer" would know about the context of the ongoing dispute leading to the assertion of the debt. We are not certain that the language in Easterling reaches so far.

We need not decide here, however, what facts regarding the debt should be imputed to the least sophisticated consumer, because DiMatteo's argument fails even on its own terms. Appellees' communications did not characterize DiMatteo's debt as one of

4

"garden variety nonpayment"; they simply asserted that the debt was owing.  In these circumstances, such a statement could be misleading only if appellees were obligated in the communications to recount the history of DiMatteo's rent dispute or to raise defenses that DiMatteo might present.  DiMatteo cites no authority under the FDCPA or Housing Court procedure that imposes such a requirement.  Cf. 15 U.S.C. § 1692g(a) (listing requirements for written notice of debt).  Instead, the FDCPA prescribes that debt collectors provide a "validation notice" setting forth the consumer's right to dispute the debt within 30 days.  If the consumer disputes the debt within that period "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt."  Id. § 1692g(a), (b).  Appellees' collection letter complied with this requirement, affording DiMatteo an opportunity, which he does not allege he took, to halt collection efforts if he disputed the debt.  Absent an obligation to elaborate on the reasons the alleged debt arose, appellees' assertion that a debt was owing cannot be considered misleading, even without imputing DiMatteo's knowledge to the least sophisticated consumer.

We also reject DiMatteo's contention that filing the Housing Court action constituted the use of an "unfair or unconscionable means" to collect a debt in violation of the FDCPA.  15 U.S.C. § 1692f.  As explained, DiMatteo was aware that his rent had not been accepted for fourteen months, and appellees provided DiMatteo with thirty days to dispute the debt before bringing suit.  On these facts, we cannot conclude that commencing a summary proceeding was in and of itself unfair or unconscionable.

5

## 2.	Attorneys' Fees

DiMatteo also claims that appellees violated two provisions of the FDCPA by seeking $750 in attorneys' fees in the Housing Court action: § 1692e(2), which prohibits the "false representation of . . . any . . . compensation which may be lawfully received by any debt collector for the collection of a debt," and § 1692f(1), which prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

We agree that DiMatteo has stated a plausible claim that appellees' demand for attorneys' fees violated the FDCPA. At oral argument, appellees conceded that they did not know of any written agreement between the landlord and DiMatteo, let alone one authorizing the award of attorneys' fees. They also conceded that, absent such an agreement, they could point to no authority under New York law for the award of attorneys' fees to a landlord in a summary eviction proceeding based on unpaid rent. Indeed, appellees acknowledged that their attempt to recover attorneys' fees from DiMatteo was a "mistake." Without a basis under New York law or an agreement between the parties, appellees' demand for attorneys' fees constitutes an attempt to collect a "fee, charge, or expense incidental to the principle obligation" that is not "expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C.

6

§ 1692f(1).[2] Because the demand for attorneys' fees violates § 1692f(1), we need not address DiMatteo's argument that the demand also violates § 1692e(2). See McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939, 949-50 (9th Cir. 2011) (affirming ruling that demand for attorneys' fees in state court collection complaint without a basis in the parties' agreement violated both §1692f(1) and § 1692e(2) of the FDCPA); cf. Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 307-08 (2d Cir. 2003) (holding that demand for attorneys' fees in collection action did not violate the FDCPA where credit card agreement provided for such fees).[3]

---

[2] The fact that appellees sought attorneys' fees only in the Housing Court complaint and not in the collection letter does not defeat DiMatteo's claim, because actions taken in furtherance of a lawsuit are not exempt from liability under the FDCPA. Goldman v. Cohen, 445 F.3d 152, 157 (2d Cir. 2006).

[3] We need not consider whether the least sophisticated consumer would read the complaint to assert that attorneys' fees were owed pursuant to a written agreement, because demanding attorneys' fees without basis violates the FDCPA in any event. To the extent DiMatteo argues that the asserted existence of a written agreement violates the FDCPA even apart from the issue of attorneys' fees, he has failed to allege a plausible claim. DiMatteo presents no reason to believe that whether the rent was payable pursuant to a written agreement or by statute affects the amount, character, or enforceability of the debt, or the debtor's ability or willingness to contest it. Thus, in this case, the assertion in a Housing Court complaint that rent was owing pursuant to a written agreement amounts to a "mere technical falsehood[] that misle[d] no one." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1034 (9th Cir. 2010).

We have considered DiMatteo's remaining arguments and find them without merit.

Accordingly, the judgment of the district court is **VACATED** with respect to the claim that appellees' demand for attorneys' fees violated the FDCPA, and the case is **REMANDED** to the district court for further proceedings consistent with this Order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk