18-2572-cv
*Paterno v. City of New York et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand nineteen.

PRESENT:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

---

JOHN PATERNO,

> *Plaintiff-Appellant,*

v.                                                       No. 18-2572-cv

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF TRANSPORTATION, POLLY TROTTENBERG,

> *Defendants-Appellees.*

| | |
|---|---|
| Appearing for *Plaintiff-Appellant*: | ARTHUR ZACHARY SCHWARTZ, Advocates for Justice, Chartered Attorneys, New York, NY. |
| Appearing for *Defendants-Appellees*: | BARBARA GRAVES-POLLER (Richard Dearing, Jane L. Gordon, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY. |

---

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on August 1, 2018, is **AFFIRMED**.

Plaintiff-Appellant John Paterno, formerly the Executive Director of Fleet Services for the New York City Department of Transportation ("DOT"), appeals from a judgment dismissing his 42 U.S.C. § 1983 lawsuit against Defendants-Appellees the City of New York, the DOT, and former Transportation Commissioner Polly Trottenberg (collectively, "Defendants"). Paterno asserted a "stigma-plus" claim stemming from a 2017 Title VII lawsuit brought by the United States against the City and DOT after an investigation, his 2016 transfer out of a supervisory position during that investigation, and the subsequent publication of allegedly false accusations against him. He also claimed that Defendants retaliated against him, in violation of his First Amendment right to speak on matters of public concern, after he confronted certain employees about the Title VII case. The district court dismissed his complaint for failure to state a claim. This appeal follows. We assume the parties' familiarity with the facts, record of prior proceedings, and arguments on appeal, which we reference only as necessary to explain our decision to affirm.

We review de novo a district court's grant of a motion to dismiss for failure to state a claim. *Vangorden v. Second Round, Ltd. P'ship*, 897 F.3d 433, 437 (2d Cir. 2018). To survive a motion to dismiss, a complaint must allege facts sufficient "to

2

state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "[M]ere conclusory statements" will not suffice, *Iqbal*, 556 U.S. at 678: the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "On a motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). We may affirm on any ground that finds support in the record. *See, e.g.*, *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006).

To succeed on a "stigma plus" claim under § 1983, "a plaintiff must show (1) the utterance of a statement sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false, and (2) a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights." *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004) (internal quotation marks omitted). A plaintiff must also "show the stigmatizing statements were made concurrently in time" with the burden on his or her rights. *Patterson v. City of Utica*, 370 F.3d 322, 330 (2d Cir. 2004).

Setting aside the "stigma" prong of Paterno's claim, we have doubts as to whether he adequately alleged he was deprived without due process of a "tangible interest." *See Patterson*, 370 F.3d at 330. In any event, Paterno's appeal must fail because he did not—and cannot—plead that the alleged stigmatizing statements were made "concurrently in time" with the alleged deprivation. *See id.* The consent

3

decree in the Title VII case was not made public until a year after Paterno's transfer, and any allegedly defamatory statements by Commissioner Trottenberg were even further removed in time. *See Martz v. Inc. Vill. of Valley Stream*, 22 F.3d 26, 32 (2d Cir. 1994) (holding that a five-month separation was too attenuated).

With respect to his First Amendment retaliation claim, Paterno failed to make out the first element of a prima facie case. The first element requires a plaintiff to "plausibly allege that [] his or her speech or conduct was protected by the First Amendment." *Montero v. City of Yonkers*, 890 F.3d 386, 394 (2d Cir. 2018) (internal quotation marks omitted). To determine whether an employee's speech was protected, the threshold question is "whether the employee spoke as a citizen on a matter of public concern." *Matthews v. City of New York*, 779 F.3d 167, 172 (2d Cir. 2015) (internal quotation marks omitted). If the speech was not on a matter of public concern, "that is the end of the matter." *Id.*

Although Paterno insists otherwise, we conclude that the speech in question "was calculated to redress personal grievances," not directed toward "a broader public purpose." *See Lewis v. Cowen*, 165 F.3d 154, 163 (2d Cir. 1999); *see also Montero*, 890 F.3d at 400 ("[A] public employee may not transform a personal grievance into a matter of public concern by invoking a supposed popular interest in the way public institutions are run." (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 190 (2d Cir. 2008))). Although Paterno contends "[t]here is nothing in the pleadings that places Appellant's speech outside the protection of the First Amendment," Reply Br. at 16–17, this argument misconceives Paterno's burden at the pleading stage. He must

4

"plausibly allege" that his speech was *within* the protection of the First Amendment. That he has not done. The complaint's description of the speech at issue is vague and conclusory. To the extent it offers any clarity regarding the speech's "content, form, and context," *Montero*, 890 F.3d at 399 (internal quotation marks omitted), it does not support an inference that Paterno was speaking on a matter of public concern.

We have considered Paterno's remaining arguments and find them to be without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court